LOTUS COOK, BY, ETC., RESPONDENT, v. DENT COOK, APPELLANT.—68 S. W. (2d) 900.

Kansas City Court of Appeals.    February 19, 1934.

*Hammett & Holman* for respondent.

*Wm. M. Stringer* and *Jerry M. Jeffries* for appellant.

SHAIN, P. J.—This cause was instituted for Lotus Cook by August Linneman, her next friend, filing a petition for divorce in the Circuit Court of Randolph County against her husband, Dent Cook.

It appears that at the time of the institution of the suit the defendant was a resident of the State of Texas, however, Dent Cook the defendant entered appearance and joined issue by answer and cross-bill.

The cause was triable at the June term, 1932, of the Circuit Court of Randolph County.

The record shows that Hon. A. W. Walker, the regular Circuit Judge, was unable to hold said term of court and the clerk, under the provisions of Sections 1943-45-46 and 47 of Revised Statutes 1929, called an election and the Hon. Willard P. Cave, a member of the Randolph bar, was duly elected and thereafter duly qualified as special circuit judge for the June term, 1932, of said court. The election aforesaid was held on June 8, 1932, and the record discloses that said June term continued up to and including August 13, 1932.

On June 10, 1932, this cause was taken up and heard before the said Special judge and on June 11, 1932, a judgment was rendered in said cause dismissing the plaintiff's petition and also dismissing the defendant's cross-bill. No objections or exceptions were made or taken to the action of the court and no steps looking to an appeal were taken.

On August 12, 1932, during the June term, the plaintiff filed a motion to set aside the judgment had and entered on June 11, 1932. Although this motion was filed over sixty days after the rendition of the judgment, the record does not disclose any notice to the defendant. One W. M. Stringer had appeared as attorney for defendant in the trial of the case and it is shown that he appeared in court and filed a motion to the effect that he was not at that time representing the defendant. On August 13, 1932, during the aforesaid June term, the special judge took up plaintiff's motion and sustained same and reinstated the said cause. It is shown that on that date, W. M. Stringer was permitted by the court to withdraw from the case.

No objections or exceptions are shown as made or taken to the action of the court in setting aside the judgment and restoring said case to the docket and no steps appear to have been taken looking to an appeal from this action of the court.

The regular October term, 1932, of the Circuit Court of Randolph County, Missouri, opened on October 10, 1932, and it is shown by the record in this case that the Hon. A. W. Walker, regular circuit judge was present and presiding.

During the said October court the record shows, that three separate and several motions were filed in the court wherein it was asked that this cause be stricken from the docket. It is further shown that during the said October term of court an amended petition was filed by the plaintiff in this cause and that a trial of the cause had and judgment for divorce, for custody of children and for alimony, was had and entered in plaintiff's favor. It is further shown that motions for new trial and arrest were filed during said October term. While the record shows the regular judge as present and presiding, still it is shown that in all matters Hon. Willard P. Cave, designated as special judge, was presiding, that he made all rulings denying motions to strike, and that the trial and all proceedings and judgment was by the said designated special judge.

The motions for new trial and in arrest were not passed upon at the said October term.

The record discloses that at the February term, 1933, of the Circuit Court of Randolph County the motions for new trial and arrest in this cause were taken up and overruled by the Hon. Willard P. Cave, designated as special judge.

In the absence of any showing to the contrary, we must presume that the regular circuit judge was present and presiding at the said February term, 1933, of the court. The motions above were taken up and passed upon on the 15th day of February, 1933.

It is shown that application and affidavit for appeal was filed by defendant and was passed upon and the appeal granted to this court on February 15, 1933, same being one of the days of the said February term of said court. This appears to have been granted by the regular circuit judge of said court and the regular circuit judge signed and allowed the bill of exceptions filed herein.

## Opinion.

The appealing defendant makes eleven assignments of error. We need give consideration of but two and therefore do not burden the opinion with discussion of others.

The defendant urges that the action of the special judge, elected to hold the June term, 1932, of the court, in setting aside the judgment and reinstating the case was error and in violation of provisions of Section 1361, Revised Statutes 1929, and out of harmony with rulings of our appellate courts.

As to the above assignment, the Hon. Willard .P. Cave during the June term, 1932 of the Circuit Court of Randolph County was endowed with all of the powers of a regular circuit judge. The action of the court was not objected to nor was exception saved and no steps looking to an appeal were taken. Under such a state of facts this court has no power to reverse this cause based upon any error in the said act, if error there be.

The defendant presents that the Hon. Willard P. Cave having but been elected to hold the June term, 1932, of the Circuit Court of Randolph County, Missouri, that his powers as circuit judge ceased with the term and that he had not the powers of a circuit judge during the October term, 1932, or the February term, 1933 of said court.

The record in this case is clear to the effect that the special judge was elected only for the term. It does not appear that he was elected as a special judge to try the case at bar. His power was to act as circuit judge for the term and the proceedings in this case in the June term, 1932, of said court, were incident to the general powers conferred upon him during that term. It was his official act that set aside the judgment and restored this case to the docket. His act in that respect was a final judgment and no appeal having been taken from that final judgment, that matter is not properly before us for review and we do not wish to be understood as passing upon

the question as to whether or not the judgment of August 12, 1932, setting aside the judgment of June 11, 1932, was valid or invalid.

In the absence of any showing from which we can conclude that any power other than that conferred upon him by his election to act for the June term, we conclude that all procedure wherein the special judge for the June term assumed to act and did act after the expiration of said term was *coram non judice*. There was certainly nothing in the election of a special judge for the June term, 1932, of said court that ousted the jurisdiction of the regular circuit judge to try this cause.

Based upon our conclusions above, the judgment is reversed and cause remanded. All concur.